**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JOE F. COLEMAN,
            *Defendant-Appellant.*

No. 02-4441

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-99-195)

Submitted: September 23, 2002

Decided: October 4, 2002

Before LUTTIG, MICHAEL, and GREGORY, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

Frank W. Dunham, Jr., Federal Public Defender, Gerald T. Zerkin, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Joe F. Coleman pled guilty pursuant to a written plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Coleman was originally sentenced to ninety-two months' imprisonment. The Government then filed a Fed. R. Crim. P. 35(b) motion requesting a sentence reduction based on Coleman's substantial assistance. The district court granted the Government's motion and reduced Coleman's sentence to sixty months' imprisonment. We dismiss Coleman's appeal.

A defendant may waive the right to appeal if that waiver is a knowing and intelligent decision to forego the right to appeal. *United States v. Broughton-Jones*, 71 F.3d 1143, 1146 (4th Cir. 1995). To determine whether a waiver is knowing and intelligent, this Court examines the background, experience, and conduct of the defendant. *Id.* Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. *United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991); *United States v. Wiggins*, 905 F.2d 51, 53-54 (4th Cir. 1990). Waiver of appeal of a sentence, however, does not bar the appeal of a sentence imposed in excess of the statutory maximum, or a challenge to the validity of a guilty plea. *United States v. General*, 278 F.3d 389, 399 & n.4 (4th Cir.), *cert. denied*, 122 S. Ct. 2643 (2002). Further, a defendant does not waive the right to appeal a sentence based on a constitutionally impermissible factor such as race, *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992), or proceedings conducted in violation of the Sixth Amendment right to counsel following the entry of a guilty plea. *United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994).

Coleman knowingly and voluntarily waived his right to appeal his sentence. Further, he has not alleged that his sentence was imposed in excess of the statutory maximum, or was based on a constitutionally impermissible factor such as race, *see Marin*, 961 F.2d at 496, or that the proceedings were conducted in violation of the Sixth Amendment right to counsel, *see Attar*, 38 F.3d at 732-33.

Accordingly, we dismiss Coleman's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*